## AMERICAN FARMERS MUTUAL AUTOMOBILE INSURANCE COMPANY v. HAROLD RIISE.[1]

December 31, 1942.

No. 33,252.

*John C. Arko,* for appellant.
*George H. Lommen* and *E. H. Westerlund,* for respondent.

HENRY M. GALLAGHER, CHIEF JUSTICE.
This is an appeal from an order sustaining defendant's demurrer

[1] Reported in 8 N. W. (2d) 18.

to the complaint and from an order denying plaintiff's motion to vacate the order.

The allegations of the complaint material to decision here are that prior to June 10, 1939, plaintiff issued its policy of insurance to one Clarence Beckstrom "affording him liability insurance against any claim or action brought against him to recover for personal injuries resulting from the negligence of the said Clarence Beckstrom"; that while said policy was in force and effect on June 10, 1939, Beckstrom, driving the automobile covered by the policy, in company with "defendant as his guest," called at the home of one Jane Turino "for the purpose of taking her out riding"; that Beckstrom "halted his automobile in front of the Turino residence and the defendant called for Jane Turino and brought her to the automobile and opened the door so she could be seated therein, and then without due regard for her safety, closed the door in a careless and reckless manner against said Jane Turino's foot, injuring her foot severely." The complaint then alleges that thereafter Jane Turino commenced an action in the district court of St. Louis county against Beckstrom "to recover for injuries caused by the negligent act and action of this defendant, which said suit and action were tried before a jury during the April 1940 general term of said district court of Virginia, Minnesota, resulting in a verdict for the plaintiff in the sum of Three Hundred Dollars"; that "the sole cause of negligence alleged and proven in said action was the negligent act of this defendant in that he carelessly and negligently closed the automobile door as herein described, which negligence the said defendant admitted while testifying as a witness for the plaintiff in that action"; that the contract and policy of insurance provided that if any action be brought against Beckstrom, "the plaintiff would defend said action free of cost to the said Clarence Beckstrom and that any judgment recovered by reason of any such action would be paid by the plaintiff to the person recovering such judgment." Then follow allegations of payment by plain-

tiff of the judgment against Beckstrom, employment of an attorney to defend the action and payment of $100 for his services, and that the present action is to recover $429.60 "by reason and on account of the negligence of the defendant," for which sum plaintiff prays judgment.

Defendant's demurrer was based upon the ground "that said complaint does not state facts sufficient to constitute a cause of action."

The trial court sustained the demurrer on the theory that defendant in this action was protected by the insurance policy issued to Beckstrom. That question aside, and we do not pass upon it, the complaint does not state a cause of action against this defendant. The complaint here attacked does not allege facts from which it can be determined upon what ground Beckstrom was liable to Miss Turino for the negligence of this defendant. The only relationship between defendant and Beckstrom here alleged is that defendant was Beckstrom's guest. We have found no authority for the proposition that a person is liable for the negligence of a mere guest, absent any relationship of principal and agent, master and servant, partnership, or joint enterprise. The fact that Miss Turino recovered in her action against Beckstrom is not conclusive against defendant here. He was not a party to the former action and of course is not bound by the decision therein. Every fact which a plaintiff must prove in order to maintain his action must be alleged. Casey Pure Milk Co. v. Booth Fisheries Co. 124 Minn. 117, 144 N. W. 450, 51 L.R.A. (N.S.) 640; Fuller v. Dennistoun, 164 Minn. 160, 204 N. W. 958; 5 Dunnell, Dig. § 7529. We are of the opinion that the present complaint does not state a cause of action.

The orders appealed from are affirmed.

STREISSGUTH, JUSTICE (concurring specially).

While I concur in the result, I prefer to base my decision, as did the trial court, upon the broad proposition that defendant, though a guest of the named insured, was protected by the policy

of insurance. In my opinion, the closing of the door preparatory to starting the automobile constituted *"using"* the automobile itself, within the meaning of the clause in the policy defining "insured" as including "not only the Named Insured but also any person *using* the automobile * * * with the permission of the Named Insured." (Italics supplied.) This conclusion is fortified by the fact that under separate policy provisions the insurance covers accidents "arising out of the ownership, maintenance or *use* of the automobile," and the word *"use"* is defined as including "loading and unloading thereof."

If defendant was an "insured" and was "using" the automobile at the time of the accident, obviously plaintiff had no cause of action against him.

LORING, JUSTICE (concurring specially).

I agree with the views expressed by Mr. Justice Streissguth.