15537

BRYANT v. BLUE BIRD CAB CO. *ET AL.*

(25 S. E. (2d), 489)

December, 1942.

*Messrs. Haynesworth & Haynesworth,* of Greenville, S. C., Counsel for Appellants,

*Mr. Robert Martin,* of Greenville, S. C., Counsel for Respondent,

May 4, 1943.

.MR. ASSOCIATE JUSTICE STUKES delivered the unanimous opinion of the Court:

The City of Greenville has an ordinance providing in part as follows: "(597)— Section 8. Nature of Insurance Policy, Bond or Other Security—Penalty for Violation: That it shall be unlawful for any person, firm or corporation or association of individuals to operate or cause to be operated any jitney bus or taxicab or any other motor vehicle used for transporting passengers for hire over the streets of the City of Greenville, without first taking out and keeping in effect at all times a policy or policies of insurance in some reliable and responsible Insurance Company, acceptable to the Finance Committee of City Council and duly licensed to do business in South Carolina, or provide a surety bond or bonds with individual or corporate sureties as may be approved by the Finance Committee of City Council to cover damages arising in the City of Greenville for injuries to one person in any one accident in the sum of $2,500 00 and damages for injury to two or more persons in any one accident in the sum of $5,000.00, and for property damages in any one accident in the sum of $500.00. Said insurance or surety bond shall be conditioned for the payment of any final judgment rendered on account of property damage or personal injury as aforesaid caused by any such vehicle or taxicab on the streets of Greenville by such person, firm, corporation or association of individuals."

The complaint in this suit contains two alleged causes of action, the first in tort against the cab company for personal injuries and property damage resulting from a collision between plaintiff's automobile which he was driving and a taxicab of the defendant at a street intersection, and the second cause of action alleges that the cab company was licensed as such by the city upon the requirement that it provide "a policy of liability insurance to insure the payment of any claims due the public for the negligent and careless operation of its taxis," etc., and that the other defendant,

the Casualty Company, entered into such a "policy of liability insurance in the sum of $2,500.00 to indemnify personal injuries," etc.; and a copy of the ordinance is attached to the complaint as an exhibit; and the further allegations are as to institution of suit upon the first cause of action by plaintiff and that the defendant Casualty Company "has agreed by contract liability insurance policy with the City of Greenville * .* * to pay the same and is therefore due the plaintiff on account of its indemnity bond the sum of $2,500.00." The prayer of the complaint is for judgment against both defendants in that amount.

The appeal to this Court is by the defendants from an adverse order upon separate demurrers interposed by them for alleged misjoinder of causes of action and they state the questions involved to be two, to wit, asserting that the insurance policy is a contract of indemnity against loss "conditioned for the payment of any final judgment rendered," it is contended that an action *ex contractu* thereupon cannot be properly joined with an action *ex delicto* against the cab company; and the second question is based upon the specific holding of the Circuit Court that the amendment to Paragraph 7 of Section 487 of the 1942 Code permits such a joinder, which it challenges.

The Code amendment mentioned is Act No. 287 of 1935, 39 Stat., 406, referred to in the decision of *Holder v. Haynes,* 193 S. C., 176, at page 189, 7 S. E. (2d), 833, at page 839, where it was said by the Chief Justice for the Court: "We think Judge Sease was right in refusing defendant's motion to require plaintiff to separately state the various causes of action set out in the complaint. On page 406 of the Acts of 1935, the act which amends Section 487 of the Code is ample authority in support of Judge Sease's order refusing the motion. By the specific terms of that Act, in such case, the principal and his surety may be joined in the same action. The exception is overruled."

In that case plaintiff sued the owner of a for-hire truck licensed under the State Motor Transportation Act and joined his insurer. It was found that the driver was operating the truck without the scope of his employment so there was no liability upon the owner or the insurer, but, as stated above, it was held that the joinder was proper, and even that the causes of action in tort and contract, respectively need not be separately stated, as they are in the instant case.

The Act of 1935, now constituting the last paragraph of Section 487 of the Code of 1942, Volume 1, page 340, is as follows: "In all cases where it is now or hereafter provided by law that an indemnity bond or insurance must be given (by a principal for the performance of contract or) as insurance against personal injury founded upon tort, the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent."

In the above quotation parentheses have been placed about that part of the statute which is irrelevant to the present problem. That portion may be ignored in testing the applicability of the law to this case.

Section 8511 of the Code of 1942 requires security of a common carrier motor vehicle for tort liability and prescribes details thereabout, while Section 8530 provides that cities of certain population limits, including the City of Greenville, shall exercise similar jurisdiction through their governing bodies, exclusively over motor vehicles used for transportation for hire over their streets, excepting scheduled buses between such cities and other points not less than ten miles distant, with plenary powers including expressly "to prescribe * * * the amount and character of bond which they may be required to give."

It was under the authority of this legislative enactment that the quoted ordinance was passed and appellants do not question the propriety of it or its terms. Consideration of it leaves no doubt that it was intended to insure the collec-

tion by passengers and public of tort liabilities of the carriers. It expressly provides that the bond or bonds "cover damages arising in the City of Greenville," etc. And the further provision that "said insurance or surety bond shall be conditioned for the payment of any final judgment rendered" does not, in our opinion, dissipate the former clearly expressed original liability of the insurer for payment of the damages.

Furthermore, the very provision of the contract relied upon by appellants, that last quoted, "for the payment of any final judgment," belies indemnity (of the cab company) against loss only, for the latter would contemplate payment first of any such judgment by the company, thus establishing loss, and recoupment by it by recourse to the insurance.

The trial Judge found analogy in the cases from this Court relating to suits upon bonds filed by State Highway patrolmen pursuant to Section 6004 of the Code. The last of these is *Small v. National Surety Corporation,* 199 S. C., 392, 19 S. E. (2d), 658, 660. There action was allowed against the bondsman alone for the alleged tort of the deceased patrolman. It is noted that the obligation of the insurer was, in accord with the statute: "Conditioned to pay any judgment recovered against him [the patrolman] in any court of competent jurisdiction upon a cause of action arising out of * * * damages sustained by any member of the public from any unlawful act of such officer." As stated, so far from denying the right of plaintiff to join the insurer with the tort-feasor, questioned in the instant case, there the aggrieved member of the public was permitted to sue the surety corporation alone. It was there said by this Court: "The statutory undertaking in question was * * * primarily for the benefit and protection of the public, and should be considered in the light of the purpose for which it is required as expressed in the statute." Many

authorities were cited which need not be now referred to again.

The patent purpose of the insurance in the present instance is not to protect the carrier from loss on account of its liability for negligence, but given pursuant to the ordinance, the latter is a part of it (*Kimbrell v. Heffner,* 163 S. C., 35, 161 S. E., 175, 80 A. L. R., 591), and it is palpably for the protection of passengers and public from loss. Thus it is not an indemnity of the carrier from loss but constitutes an original and direct liability from the insurer to the damaged passenger or other member of the public. The distinction made in the opinion in the case of *Piper v. American Fidelity & Casualty Co.,* 157 S. C., 106, 154 S. E., 106, between insurance against loss and insurance against liability is therefore not applicable. Private so-called liability insurance may be insurance against loss so that one with a cause of action against the insured has no original right to proceed against the insurer, the latter's liability being only to absolve the insured from loss. The argument of appellants overlooks the fact that the cab company was engaged in a public business, transportation, or probably more accurately designated as a business affected with a public interest, and regulated by ordinance enacted pursuant to express statutory authority, pointed out above.

Appellants argue that the decision should be dictated by the consideration that an alternative provision to that quoted from the ordinance provides that the cab company may have given in lieu of the surety bond or insurance policy sued upon, cash, government bonds, mortgages or other securities, and that if such alternative requirement should be complied with a tort-feasor cab company under similar circumstances would have advantage in case of suit, on account of the absence of a codefendant insurance company, and that therefore the appellant cab company presently involved should not be placed at disadvantage resulting from the supposed prejudice of jurors against insur-

ance companies. Similar contention was clearly answered by this Court in *Benn v. Camel City Coach Co. et al.,* 162 S. C., 44, 160 S. E., 135, 137, opinion by the present Chief Justice, in which it was pointed out that the insurance was required in that instance of bus companies by statute (here by city ordinance) and that exclusion of knowledge of it from the jury would be practically impossible.

The case last cited foreshadowed our decision in this, particularly in its following quoted construction of the Piper decision, *supra:* "It expressly holds that where the contract of insurance is one of indemnity for the liability of the tortfeasor, and not for his loss, the injured person has, under the statutes and under the contract of insurance, a beneficial interest in the policy, and is entitled to sue before or after judgment has been rendered against the insured tortfeasor."

The latter case was decided before the enactment of the amendment of 1935 to Code Section 487, hereinabove set forth, which we find applicable to the facts disclosed by the complaint, admitted by the demurrers, in this case, but similar conclusion would have been reached from the former decisions of this Court, as has been indicated. Undoubtedly, therefore, appellants' exceptions should be overruled and they are.

Affirmed.

MR. CHIEF JUSTICE BONHAM, MESSRS. ASSOCIATE JUSTICES BAKER and FISHBURNE, and CIRCUIT JUDGE PHILIP H. STOLL, ACTING ASSOCIATE JUSTICE, concur.