17010

MRS. ALICE W. DOBSON, Appellant, v. AMERICAN INDEMNITY COMPANY, Respondent

(87 S. E. (2d) 869)

308

*Messrs. Sam R. Watt* and *T. E. Walsh,* of Spartanburg, and *Wade S. Weatherford, Jr.,* of Gaffney, *for Appellant,*

*Rufus M. Ward, Esq.,* of Spartanburg, *for Respondent,*

June 2, 1955.

PER CURIAM.

This action is for $50,000.00 damages alleged to have been suffered by plaintiff in a collision between her automobile and the common carrier truck of the Randolph defendants. It was alleged in the complaint that the Public

Service Commission had issued a class "E" certificate for the operation of the truck for hire and, pursuant to law, required a liability insurance policy, which was furnished by the respondent Indemnity Company in the face amount of $50,000.00, for bodily injury to one person, etc.

The respondent moved to strike from the complaint the allegation of the amount of its policy and certain other related allegations. The motion was granted and the court ordered that the complaint be amended to set forth that the amount of insurance on file with the Commission meets the legal requirement of $5,000.00 for bodily injuries and $1,000.00 for property damages.

Section 58-1481 of the Code of 1952 provides for the requirement by the Commission of liability insurance in such cases, quoting, "in such amount as the Commission may determine," etc. By rules 56 and 57 of the Commission as they appear in Volume 7 of the Code, page 804 *et seq.*, it is provided that the required insurance for a class "E" vehicle shall be of $5,000.00 limit for bodily injuries to, or death of, one person, and $1,000.00 property damage. However, it appears that the licensee in this case obtained an insurance policy in the amount of $50,000.00 which was filed with the Commission.

The long-established rule of our decisions is that the fact that a defendant is protected from liability in an action for damages by insurance shall not be made known to the jury. The reason of the rule is to avoid prejudice in the verdict, which might result from the jury's knowledge that the defendant will not have to pay it. *Horsford v. Carolina Glass Co.*, 92 S. C. 236, 75 S. E. 533. *Cox v. Employers' Liability Assur. Corp.*, 191 S. C. 233, 196 S. E. 549. *Haynes v. Graham*, 192 S. C. 382, 6 S. E. (2d) 903.

Exception to the rule obtains when the insurance is required by statute or ordinance. Sec. 10-702, Code of 1952. It was said in *Daniel v. Tower Trucking*

*Co.,* 203 S. C. 119, 26 S. E. (2d) 406, 407: "The right of joinder of insurer and insured under policies of compulsory liability insurance in actions by third persons based upon negligence of the insured, is settled in this State. *Piper v. American Fidelity & Casualty Co.,* 157 S. C. 106, 154 S. E. 106; *Benn v. Camel City Coach Co.,* 162 S. C. 44, 160 S. E. 135; *Thompson v. Bass,* 167 S. C. 345, 166 S. E. 346; *Bryant v. Blue Bird Cab Co.,* 202 S. C. 456, 25 S. E. (2d) 489. This general right of joinder is sustained by the weight of authority elsewhere. See Annotation, 96 A. L. R. 356." Subsequent relevant cases are *Croft v. Hall,* 208 S. C. 187, 37 S. E. (2d) 537; *Massey v. War Emergency Co-op. Ass'n,* 209 S. C. 292, 39 S. E. (2d) 907; *Scott v. Wells,* 214 S. C. 511, 53 S. E. (2d) 400; and *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326. There is also a subsequent, exhaustive annotation of the subject in 20 A. L. R. (2d) 1098.

It is clear from the foregoing that the admissibility in pleading and evidence of the existence of the insurance in this case is solely the result of the statute and the amount of it is determinable by the Commission. Logically, therefore, the amount of the insurance which is admissible in pleading and evidence is the amount determined or required by the Commission. The excess insurance secured and filed by the carriers must be taken to have been for their own benefit and to protect themselves from liability. Such excess is, therefore, in effect, private insurance and the existence of it should not come to the attention of the jury in the trial of the action.

In *Thompson v. Bass, supra,* 167 S. C. 345, 166 S. E. 346, 348, the following comment of the trial judge was approved on appeal: "The contract of insurance carries with it, the Statute of the State, makes it a part of it; the Statute says that it shall be given for the protection of the traveling public, or that is the proper inference. In other words, the Company wrote it with the Statute before it, and the Statute is part of the contract." It was similarly said in the opinion

in *Bryant v. Blue Bird Cab Co., supra,* 202 S. C. 456, 25 S. E. (2d) 489, that in that case, the insurance having been required by municipal ordinance and furnished pursuant to it, the ordinance became a part of the insurance contract.

Furthermore, the rule of the Commission, by which the amount of the required insurance is determined, provides for the endorsement of the policy in which endorsement the various limits of liability are set forth. Thus the statute and rule doubly become parts of the contract of insurance and, in this case, effectually reduced the face amount of it for the purposes of the statute and, therefore, for the purposes of this action.

There is some analogy between the instant case and *Massey v. War Emergency Co-op. Ass'n, supra,* 209 S. C. 292, 39 S. E. (2d) 907, in which joinder of the insurer under the State law was allowed, but reference to a larger policy which was furnished pursuant to requirement of the Interstate Commerce Commission under the corresponding Federal law, affecting interstate business of the carrier, was disallowed.

The motion was heard and the order under appeal was rendered in contemplation of the rules of the Commission which appear on page 804 *et seq.* of Volume 7 of the Code of 1952, as stated above. In the light of them, we conclude that the order was correct, and it will be affirmed. However, upon reference to the 1954 Cumulative Supplement to the Code, p. 78 *et seq.,* it appears that an amended rule 57 was filed in the office of the Secretary of State on July 7, 1953, which was before the collision on August 27, 1953, with which this action is concerned; and the amended order fixed the limit of liability upon an insurance policy such as that involved here at $10,000.00, instead of the former $5,-000.00, for bodily injuries to one person. Because it is not presented by the present appeal the applicability of the Commission's rule of July 7, 1953, is not decided, but appellant is given leave to move in the circuit court within ten days

after the filing of remittitur herein for further amendment of her complaint, if she should be so advised.

Affirmed and remanded.