102 So.2d 544 (1958)
Rosie BOLTON, Appellant,
v.
NORTH RIVER INSURANCE COMPANY, Appellee.
No. 4590.
Court of Appeal of Louisiana, First Circuit.
April 21, 1958.
Rehearing Denied May 26, 1958.
Writ of Certiorari Denied June 27, 1958.
Talley & Anthony, Bogalusa, for appellant.
Welton O. Seal, Bogalusa, for appellee.
*545 ELLIS, Judge.
Plaintiff has appealed from a judgment of the district court which sustained an exception of no cause of action to her suit against the defendant for the recovery of damages for personal injuries allegedly caused when a passenger in the back seat of the insured automobile suddenly and without any warning slammed the back door of the automobile on plaintiff's left hand.
The pertinent portions of plaintiff's petition are quoted as follows:
"III. That petitioner has been informed, and believes, and upon such information and belief alleges that the said insurance policy obligates the defendant to pay on behalf of the insured, and on behalf of any person using and operating such vehicle with the permission of the insured, all sums which the insured might become obligated to pay by reason of the liability imposed upon him by law for damages caused by or arising out of the ownership, maintenance use or enjoyment of said Buick automobile; and further to defend any and all such suits brought against any of said persons seeking damages on account of the same.
"IV. That petitioner resides at 1206 Lincoln Street in the City of Bogalusa, Washington Parish, Louisiana; that on or about October 4, 1956 at approximately 4:00 p.m. Mable Alexander, the wife of the insured, while engaged in a community errand, and with the full knowledge and consent of the insured, drove the said Buick automobile to the residence of your petitioner.
"V. That upon arrival, Mable Alexander stopped the said Buick automobile just off the edge of Lincoln Street, in front of your petitioner's residence; that Mable Alexander remained seated on the driver's side of the front seat of said automobile; and that the passenger side of the front seat of said automobile was occupied by Julie Robertson.
"VI. That while seated in this manner Mable Alexander and Julie Robertson proceeded to carry on a conversation with your petitioner; that your petitioner was standing on the outside of said automobile, on the passenger side of same; that in order to see into the automobile and to converse with the occupants thereof, your petitioner leaned against the automobile, placing both of her hands thereon; that while your plaintiff was so standing in this position, Ray Don Bolton, a passenger in the back seat of the said automobile suddenly and without any warning whatsoever slammed the back door of the automobile, which had been standing ajar, on your petitioner's left hand.
"VII. That as a result of the door being slammed on her left hand, petitioner received severe physical injuries, particularly to the little finger of her left hand, from which she suffered severe pain, and that she continues to suffer from her said injuries; that her injuries required treatment by a doctor over a period of weeks; and that the use of her said little finger has been seriously and permanently impaired.
"VIII. That the accident and resulting injury herein set forth was in no way caused or contributed to by your petitioner, but was caused by the gross negligence and carelessness of said Ray Don Bolton, particularly, but without limitation thereto, in the following aspects:
"(a) In slamming said car door without first ascertaining that it was safe to do so.
"(b) In slamming said car door without first giving a warning of his intention to do so.

*546 "(c) In failing to see what he should have seen, and to do what he should have done.
"IX. That the negligence of Ray Don Bolton, was a direct and proximate cause of the accident and the resulting injury.
"X. Petitioner further shows that the accident and resulting injury herein set forth was caused by the gross negligence and carelessness of said Mable Alexander, particularly, but without limitation thereto, in the following respects.
"(a) In failing to exercise the proper control over her guest passenger, which resulting in the latter's negligence."
It is the defendant's contention that the above allegations convict the plaintiff of contributory negligence. The defendant relies upon the case of Hebert v. White Top Cabs, Inc., La.App., 8 So.2d 158, and the case of Albrecht v. Gaethe, La.App., 97 So.2d 88. These cases involved a holding, after trial and consideration of all the evidence, that the passenger's action under the facts therein developed in placing his hand in the door constituted contributory negligence.
The Supreme Court of Louisiana in the case of Arata v. Orleans Capitol Stores, 219 La. 1045, 55 So.2d 239, 242, in discussing the rule to be applied where an exception of no cause of action was filed to a petition based upon the contention the allegations affirmatively establish the contributory negligence of the plaintiff as the proximate cause of the accident, stated:
"In reaching its decision the Court of Appeal took into consideration the established jurisprudence to the effect that as a general rule contributory negligence, being a special defense, must be pleaded specially and be supported by evidence, but if the allegations of fact of the petition clearly disclose its existence the issue may be raised by an exception of no cause of action. Louisiana Power & Light Company v. Saia, 188 La. 358, 177 So. 238 (and cases therein cited); Odum v. Newstadt's Shoe Stores, La.App., 194 So. 81.
"It is also well settled, however, with respect to such issue, that inasmuch as a plaintiff is not required to negative contributory negligence in his petition the exception should not be maintained unless the alleged facts establish affirmatively the existence of negligence on his part proximately causing the accident. To warrant the upholding of the exception, in other words, it is necessary that the allegations exclude every reasonable hypothesis other than that the proximate cause of the accident was negligence of the plaintiff. Gibbs v. Illinois Central Railroad Company, 169 La. 450, 125 So. 445; Burmaster v. Texas Pacific-Missouri Pacific Terminal Railroad of New Orleans, La.App., 174 So. 135; Pittman v. Gifford-Hill & Co., Inc., La.App., 188 So. 470; West v. Ray, 210 La. 25, 26 So.2d 221; Dodge v. Bituminous Casualty Corporation, 214 La. 1031, 39 So.2d 720."
Also see the case of Bergeron v. Greyhound Corporation, La.App., 100 So.2d 923.
The allegations of fact, supra, set forth in plaintiff's petition do not exclude every reasonable hypothesis other than that the proximate cause of the accident was the negligence of the plaintiff herein. These pleadings do not completely and absolutely negative all factual situations as a result of which negligence could be imposed and contributory negligence escaped. On the face of the pleadings, we are unable to say whether the proximate cause of the accident could not have been solely the action of Don Bolton (the other passenger) in suddenly and without warning, and having the last clear chance to avoid the accident, slamming the door. The negligence *547 of plaintiff may have been, so to speak, passive, whereas the sole cause of the accident could have been Don Bolton's gross carelessness. Furthermore, the plaintiff also alleges the named insured was negligent, which contributed to the accident, by failing to exercise the proper control over a guest passenger. Only by a trial and full development of the facts can the negligence charged against the passenger and the operator of the automobile be eliminated as the proximate cause of plaintiff's injury and the establishment of plaintiff's contributory negligence as the sole proximate cause.
In stating that the defendant would be responsible under the omnibus clause of the policy for the negligent act or acts of the passenger, Don Bolton, which might be established on the trial of the case as a proximate cause of the injury and damage to plaintiff, we are agreeing with the contention of counsel for plaintiff that Don Bolton at the time was "using" the motor vehicle under the liberal interpretation required of such clauses in an insurance policy, Pullen v. Employers' Liability Assurance Corp., 230 La. 867, 89 So.2d 373; Spurlock v. Boyce-Harvey Machinery, Inc., La.App., 90 So.2d 417, 422. Also 45 C.J.S. Insurance § 829, p. 902, "The use contemplated in a provision for coverage while an automobile is used with the owner's consent generally is regarded as not limited to physical operation or driving." (Emph. Added.) Also Sec. 4316 (e), 7 Appleman, "Insurance Law and Practice" pp. 84-85, as supplemented by 1958 pocket part, pg. 25, wherein it states: "The term `use' is the general catch-all of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within one of the previous terms of definition * * *. A person clearly could be using an automobile without operating it personally. So long as `use' as distinguished from operation, is with permission of the named insured, the insurer is liable for any accident." Also Liberty Mutual Ins. Co. v. Steenberg Construction Co., 8 Cir., 1955, 225 F.2d 294; also the concurring opinion in the case of American Farmers Mutual Automobile Ins. Co., v. Riise, 214 Minn. 6, 8 N.W.2d 18, 19, decided by the Supreme Court of Minnesota.
Therefore under the allegation of plaintiff's petition the passenger Don Bolton was an omnibus insured using the car in question, and the defendant would be equally liable for his negligent acts which were a proximate cause of plaintiff's injury as well as any negligent acts of the actual operator of the car which were a proximate cause of the plaintiff's injuries.
For the above and foregoing reasons the judgment of the District Court is reversed, set aside and annulled and it is now ordered that the exception of no cause of action be and the same is hereby overruled and the case is hereby remanded to the district court for further proceedings in accordance with law, and not inconsistent with the ruling herein.
Reversed and remanded.