17472

Kate K. WATTS, Respondent, v. Cecil C. BAKER and Canal Insurance Company, Inc., Appellants

(105 S. E. (2d) 605)

*Messrs. Cooper & Gary* and *Gene V. Pruet,* of Columbia, *for Appellants,*

*Messrs. Luther M. Lee* and *Gary Paschal,* of Columbia, *for Respondent,*

November 6, 1958.

Moss, Justice.

The respondent, Kate K. Watts, commenced this action in the Richland County Court for the recovery of damages for personal injuries alleged to have been sustained by her while she was riding as a passenger in a taxicab owned and operated by the appellant, Cecil C. Baker. The appellant, Canal Insurance Company, was joined as a defendant in the action, the respondent claiming a direct right of action agains the insurance company and a right to join such as a defendant by reason of an insurance policy filed with the City of Columbia covering the taxicab involved, in accordance with the Ordinances of the City of Columbia.

The appellants filed a motion to make the complaint more definite and certain by requiring the respondent to allege whether or not the insurance policy referred to in the com-

plaint was filed pursuant to the requirements of any Statute or Ordinance, and by setting forth in detail the citation and reference to said Statute or Ordinance. The appellants filed a demurrer to the complaint on the ground that the Canal Insurance Company had been improperly joined as a defendant in that it affirmatively appeared upon the face of the complaint that it was not alleged in the said complaint that the policy of insurance referred to therein was required by any Statute or Ordinance. The demurrer also raised the question that there was a misjoinder of the causes of action in said complaint in that it appears that there is stated in said complaint a cause of action *ex delicto* against the appellant Cecil C. Baker, and a cause of action *ex contractu* against the appellant Insurance Company on a policy of insurance which is not alleged to be required by Statute or Ordinance.

The motion and the demurrer came on to be heard by the Honorable Legare Bates, Judge of the Richland County Court, and he issued an order requiring the respondent to make her complaint more definite and certain by setting forth in detail whether or not she claimed that the insurance policy referred to in the complaint was filed pursuant to the requirements of any Statute or Ordinance and, if so, by setting forth in detail the said Statute or Ordinance, and the provisions thereof. The demurrer filed by the appellants was overruled.

After the filing of the order of the County Judge, the re- spondent, in compliance with said order, amended her complaint by setting forth in full the Ordinance of the City of Columbia, requiring the operator of any taxicab to file with the City Clerk a bond or insurance policy covering the operation of each vehicle used as a taxicab. The appellants demurred to the complaint, as amended, on the ground that such amended complaint did not state facts sufficient to con- stitute a cause of action against the appellant, Canal Insurance Company, in that it appears upon the face of the complaint that the respondent was suing the insurance company under a liability insurance policy issued to the appellant, Cecil

C. Baker, and that no cause of action existed under such policy of insurance until a final judgment is recovered against the appellant Baker. It is further asserted by the demurrer that since it does not appear upon the face of the complaint that the respondent has recovered a final judgment against the appellant, Baker, that there was a misjoinder of causes of action in said complaint. This demurrer was overruled by the County Judge and timely notice of intention to appeal therefrom to this Court was given.

The questions raised by the exceptions are whether the respondent has a direct cause of action on the insurance policy involved under the City Ordinance, and whether she has the right to join the insurer in an action against the insured, taxi owner, before obtaining final judgment against the taxi owner.

The Columbia City Ordinance, Section 36-6, entitled "Bond or Insurance Required", and the applicable provisions thereof, are as follows:

"Before any license is issued for the operation af a taxicab, the owner shall file with the city clerk a bond covering the operation of each vehicle and giving a security thereon in some indemnity or casualty company authorized to do business in the state, which bond shall be in the penalty of five thousand dollars covering injury to a single person, and in penalty of ten thousand dollars covering injury to more than one person in a single accident, and in the penalty of one thousand dollars covering injury or damage to property in a single accident. In lieu of such bond, such owner may file with the city clerk an insurance policy covering the operation of each vehicle in some indemnity or casualty company authorized to write such insurance and doing business in the state, in the penalties above provided with reference to persons or property. It shall be deemed a compliance with this section for the owner or operator of such vehicle to file with the city clerk a copy of such bond or such insurance policy properly certified by the company in which such bond or insurance policy is written, and in which the owner or operator

of such vehicle has procured such bond or insurance policy in compliance with the provisions of this section * * *. The bond or policy shall stipulate that any person who may recover final judgment for damages, such judgment remaining unpaid for thirty days, shall have the right of action on such bond or policy in the event the owner of the taxicab is insolvent and does not pay the same within thirty days.

"No taxicab shall be operated upon or over the streets or public ways of the city unless it is adequately bonded or insured as provided above."

This Court has held where a Statute or Ordinance requires the filing of a policy of insurance, that such Statute or Ordinance becomes a part of the policy contract. *Thompson v. Bass*, 167 S. C. 345, 166 S. E. 346; *Bryant v. Blue Bird Cab Co.*, 202 S. C. 456, 25 S. E. (2d) 489; *Hutto v. American Fire & Cas. Ins. Co.*, 215 S. C. 90, 54 S. E. (2d) 523; *Dobson v. American Indemnity Co.*, 227 S. C. 307, 87 S. E. (2d) 869.

It is provided in Section 58-1481 of the 1952 Code of Laws of South Carolina, that the Public Service Commission shall, in granting a certificate of public convenience and necessity, to a motor vehicle carrier of passengers or property for hire, require the applicant to procure and file with the Commission liability and property damage insurance in such amount as the Commission may determine, insuring or indemnifying passengers or cargo, and the public receiving personal injuries by reason of any act of negligence, and for damage of property to any person other than the insured. It appears by Rules 56 and 57, Vol. 7, of the 1952 Code of Laws, at page 804 *et seq.*, that the Public Service Commission fixed a schedule of the amounts of insurance required to be filed by a motor carrier, depending upon the classification of such motor vehicle, and the Rule provides that the insurance company agrees to pay any final judgment recovered against the insured for bodily injuries to or death of any person resulting from the negligent operation, maintenance or use of the said motor vehicle.

It is provided in Section 10-702, of the 1952 Code of Laws of South Carolina, that:

"When an indemnity bond or insurance is required by law to be given by a principal for the performance of a contract or as insurance against personal injury founded upon tort the principal and his surety, whether on bond or insurance, may be joined in the same action and their liability shall be joint and concurrent."

This Court has held in numerous cases that where insurance is given as required by Section 58-1481 of the 1952 Code of Laws of South Carolina, that it was proper, under Section 10-702 of the Code, to join the insured and the insurance company as parties defendant in actions by third persons, based upon the negligence of the insured. *Dobson v. American Indemnity Co., supra,* and the cases therein cited.

In the case of *Bryant v. Blue Bird Cab Co., supra* [202 S. C. 456, 25 S. E. (2d) 492], it was held that the insurance required by the South Carolina statute "is not an indemnity of the carrier from loss but constitutes an original and direct liability from the insurer to the damaged passenger or other member of the public." Hence, the injured party had a direct right of action against the insured and the insurer.

The opinion in the *Bryant case* shows that the Greenville Ordinance required the filing of "A policy * * * to cover damages arising in the City of Greenville for injuries" and "said insurance * * * shall be conditioned for the payment of any final judgment rendered on account of property damage or personal injury * * *."

In the case of *Hutto v. American Fire & Cas. Ins. Co.,* 215 S. C. 90, 54 S. E. (2d) 523, this same Columbia City Ordinance was involved. However, the Court was called upon to pass only upon the question of whether the insurance policy given pursuant to the requirements of said ordinance, had been effectively cancelled prior to the injury sustained by the respondent. Consequently, the question of joinder of the Taxicab Company and the insurer was not involved.

In the case of *Scott v. Wells*, 214 S. C. 511, 53 S. E. (2d) 400, it appears that insurance upon taxis was required by the Anderson City Ordinance, but the primary question considered on appeal was whether the trial Court should have instructed the jury concerning the limit of liability stated in the compulsory policy of insurance. The questions of whether joinder was proper or that the plaintiff had a cause of action against the insurer, were not considered.

In the case of *Croft v. Hall*, 208 S. C. 187, 37 S. E. (2d) 537, the only question involved was whether the Orangeburg Ordinance and policy of insurance, filed as required thereby, applied to an accident which occurred outside the city limits. The joinder question was not an issue in the case. The Orangeburg Ordinance required operators of taxicabs to procure and file with the city Clerk liability insurance policies in stated amounts and with stipulated conditions for personal injury and property damage.

It should be noted that the Statute, Section 58-1481, requires the filing with the Public Service Commission liability and property damage insurance "insuring or indemnifying" passengers receiving personal injuries by any act of negligence. Under this statutory requirement the Court has held that the policies filed are liability rather than indemnity policies, and that an injured party has a direct right of action thereon. The words "insuring or indemnifying" present in the statute and in many of the city ordinances, form the basis on which most of the cases decided by this Court on the joinder question have turned. These words are absent from the Columbia Taxicab Ordinance, which is heretofore quoted. The Columbia Ordinance, Section 36-6, with respect to the right of injured persons under the policy required, states:

"The bond or policy shall stipulate that any person who may recover final judgment for damages, such judgment remaining unpaid for thirty days, shall have the right of action on such bond or policy in the event the owner of the taxicab is insolvent and does not pay the same within thirty days."

The appellants assert that a consideration of the foregoing provisions of the Columbia Ordinance can lead only to one conclusion, this conclusion being that any person injured by the operation of a taxicab has no cause of action on the policy of insurance filed pursuant to the ordinance, unless and until a final judgment is recovered against the taxicab owner; that the owner of the taxicab is insolvent and does not pay the judgment within thirty days from its rendition.

The appellants also assert that the decision of this Court in the case of *Massey v. War Emergency Co-op. Ass'n,* 209 S. C. 292, 39 S. E. (2d) 907, 912, is controlling. Involved in that case was the question of whether the injured party had a cause of action and could join in the same action the insurer and the carrier with respect to a policy filed under the Motor Carrier Act of 1935. The Federal Statute involved is found in 49 U. S. C. A. § 315, and it requires the filing of a policy of insurance "conditioned to pay, within the amount of such surety bonds, policies of insurance * * * any final judgment recovered against such motor carrier for bodily injuries to or the death of any person resulting from the negligent operation, maintenance, or use of motor vehicles, * * *." This Court, in holding that the insurer in that case could not be joined, said:

"It would seem clear that the essentials of the State statutes upon which this Court has held that the insurer may be joined thereunder, involving as they do the proposition that a direct and immediate liability arises under the terms of the statute in favor of an injured person upon the happening of the accident (*Piper v. American Fidelity and Casualty Company,* 157 S. C. 106, 154 S. E. 106) are construed to be absent in the Federal Statute, and that there is nothing about the Federal Statute which involves any obligation under the Statute or the insurance contract pursuant thereto directly to the public, until after final judgment against the motor carrier."

We conclude that the Ordinance of the City of Columbia gives to the respondent a cause of action on the insurance

policy here involved only in the event of a recovery of a final judgment against the taxicab owner; his insolvency; and his failure to pay the judgment for thirty days. Consequently, the respondent has no cause of action against the Insurance Company until these conditions have been met. The Insurance Company has no obligation directly to the public until after final judgment against the taxicab owner and operator. Hence, the Insurance Company could not be joined as a defendant in this action.

We are of opinion that the respondent has failed to state in her complaint facts sufficient to constitute a cause of action against the appellant Insurance Company, nor has she the right to join the Insurance Company in an action against the taxicab owner. The lower Court, therefore, erred in overruling the demurrer of the appellants.

The judgment of the lower Court is reversed and the case remanded to the lower Court for the purpose of an order sustaining the demurrer of the appellants, thereby eliminating from the case the Canal Insurance Company and all references in the complaint to the insurance coverage.

Reversed.

STUKES, C. J., and TAYLOR, OXNER and LEGGE, JJ., concur.