## 17601

Hobert VANDERFORD, Respondent, v. Mrs. Julia Mae SMITH, Appellant

(111 S. E. (2d) 777)

*Messrs. Butler & Chapman,* and *L. Paul Barnes,* of Spartanburg, *for Appellant,*

*Messrs. John S. Flynn* and *Mike S. Jolly,* of Union, and *Leatherwood, Walker, Todd & Mann,* of Greenville, *for Respondent,*

January 5, 1960.

STUKES, Chief Justice.

The principal question in this appeal is the propriety of impleading the insurer of the plaintiff as a defendant to the counterclaim of the original sole defendant.

The complaint alleges a cause of action for damages incurred in an automobile collision in the city of Union. In addition to the usual defenses the answer contained a counterclaim in which it was alleged that plaintiff is engaged in the taxicab business and that his automobile which was involved in the collision was in use as a taxicab on that occasion, and further as follows:

"4. That, under the ordinances of the City of Union and the laws of the State of South Carolina, in effect on the date of the collision herein referred to, it was required that all vehicles being operated as taxicabs in and about the City of Union, South Carolina, including the Plymouth automobile of the Plaintiff herein referred to, were required to obtain and keep in force, insurance written by a duly qualified insurance company, insuring the public, including this Defendant, against liability for damages to persons or property within the limits provided by said ordinances and covering the amount of damage sought by this Defendant as a result of the collision herein referred to, on account of the negligent operation of Plaintiff's taxicab; that Canal Insurance Company issued its policy of liability insurance, pursuant to said ordinances and statutes, to Hobert Vanderford, the Plaintiff, and which said policy was in full force and effect at the time of the collision referred to, as Defendant is informed and believes, and that Canal Insurance Company and the Plaintiff, Hobert Vanderford, are liable to the Defendant on account of the damages suffered by her on account of the collision referred to."

Judgment upon the counterclaim was demanded against the plaintiff and his alleged insurer.

Defendant moved for an order making the alleged insurer a party defendant as to the counterclaim and requiring it to appear and answer thereto. The court refused the motion, which we think was error. There is no material difference in the facts of this case, as they appear on the pleadings, and those of *Brown v. Quinn,* 220 S. C. 426, 68 S. E. (2d) 326, and that precedent should have been fol-

lowed by the court. In that particular the order under review, dated August 20, 1959, is reversed.

Respondent cites *Watts v. Baker,* 233 S. C. 446, 105 S. E. (2d) 605. In that case joinder as a defendant of the insurer of a Columbia taxicab operator was held to be improper because of the peculiar provisions of the Columbia ordinance which required the insurance. In the case in hand the allegations of the counterclaim, quoted above, are of an ordinance unlike in terms that involved in the *Watts case* but similar to the ordinance in *Bryant v. Blue Bird Cab Co.,* 202 S. C. 456, 25 S. E. (2d) 489. See, in accord with the *Watts case, Massey v. War Emergency Co-Op. Ass'n,* 209 S. C. 292, 39 S. E. (2d) 907 (applying the Federal Motor Carrier Act), and annotation, 20 A. L. R. (2d) 1097, 1126, sec. 7. There has been no traverse of the allegations of the counterclaim and they are deemed to be true for the purpose of the consideration of the motion to implead.

A companion order of the lower court, dated September 9, 1959, granted motion of the plaintiff to strike from the answer and counterclaim all references to the insurance company and to the policy. This order falls with the other, and it is reversed.

Further motion by the defendant was to strike from the complaint, which alleged the demolition of plaintiff's automobile, the following clause: "Hobert Vanderford (the plaintiff) has been severely damaged and injured in his livelihood, which is that of operating a taxicab, and furthermore". The ground of the motion was that the allegations are irrelevant, redundant and improper in view of the allegation that plaintiff's automobile, quoting from the motion, "was completely demolished and rendered worthless as a result of the collision referred to, so that no damages are coverable from any alleged loss of use of said taxicab." The lower court denied the motion without assigning any reason.

452

Defendant appeals from the last mentioned order and in her brief, and in that of plaintiff, who are now appellant and respondent, respectively, there is argued the question, as if it were made by the complaint and motion, whether loss of the use of a demolished automobile is an element of damages, both citing 5A Am. Jur. 955, and appellant also citing the annotation in 169 A. L. R. 1074. It is noted above that this was the question purported to be raised by the motion to strike, and the exception is: "That it was error to refuse appellant's motion to strike; the error being that respondent could not recover loss of use of his vehicle if the same was totally demolished, as alleged in the complaint."

However, we do not construe the allegation of the complaint which was sought to be stricken, quoted *ante,* as alleging damages for the loss of the use of plaintiff's automobile. Therefore, we need not consider the question which is raised in the exception and argued in the briefs; and that portion of the order of August 20, 1959, refusing to strike the allegation upon the ground assigned is affirmed.

Affirmed in part; reversed in part.

Taylor, Oxner, Legge and Moss, JJ., concur.