17809

Martha COLETRAIN, Respondent v. Mack COLETRAIN and Canal Insurance Company, Defendants, of whom Canal Insurance Company, is Appellant

(121 S. E. (2d) 89)

*Messrs. Wright, Scott, Blackwell & Powers,* of Florence, *for Appellant,*

*Messrs. McEachin, Townsend & Zeigler,* of Florence, *for Respond,*

July 25, 1961.

TAYLOR, Chief Justice.

This appeal is from an Order of the County Court of Florence County overruling defendant Canal Insurance Company's demurrer.

The complaint sets forth that pursuant to the ordinance of the City of Florence requiring liability insurance on taxicabs for bodily injury arising out of the negligent operation of such taxicabs, the defendant insurance company issued its policy of automobile liability insurance, wherein it insured one Foster Matthews and any person while using the automobile described in the policy with the insured's consent against bodily injury arising out of the ownership, maintenance, or use of the said automobile. The complaint further alleges that in November, 1959, plaintiff was riding in the insured automobile with her husband, Mack Coletrain,

said car being driven by Foster Matthews, the named insured; that while in the act of alighting from such taxicab, and while using said taxicab, her husband negligently closed the door on plaintiff's hand causing severe injuries for which she seeks damages in the amount of $5,000.00, actual and punitive. Upon hearing thereof, however, the parties agreed to withdraw any claim for punitive damages; and the only question before the Court at the time of hearing was whether the language of the policy of insurance in question may be construed to afford coverage under the circumstances.

The policy in question covered the named insured, Foster Matthews; and under the provision of the policy defining the insured, it is stated that such term includes any person while using the automobile with the permission of the named insured, the express language being:

"* * * (a) With respect to the insurance for bodily injury liability and for property damage liability the unqualified word "insured" includes the named insured and, if the named insured is an individual, his spouse if a resident of the same household, and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either. * * *"

The bodily injury portion of the policy agrees to pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damage because of bodily injury caused by accidents arising out of ownership, maintenance or use of the automobile. The question, therefore, is whether the using of a door of the taxicab to alight therefrom by a passenger constitutes a use of the insured vehicle within the terms of the policy.

The word "use" is defined in Webster's New International Dictionary as "To put into operation, to cause to function; * * * to act with regard to; * * * act of employing anything, * * *"

In *Fidelity and Casualty Company of New York v. Lott et al.,* 5 Cir., 273 F. (2d) 500, 502, an injury and death caused by the negligent discharge of a rifle where the automobile was being used as a gun rest was held to constitute a use of the automobile within the phrase "caused by accident and arising out of the ownership, maintenance or use of the automobile." With respect to the contention, as here, that the use contemplated by the policy was that of driving or operating the automobile, the Court stated:

"* * * It is unquestionably true that in the ordinary sense of the words Miller's death was 'caused by accident * * * arising out of the * * * use of the automobile.'

\* \* \*

"Even were we to conclude that the terms used by the insurance company to spell out its liability were susceptible of more than the simple meaning we have already indicated, this would, of course, be of no benefit to the appellant. This is so because all must agree that one perfectly permissible construction of the words would be such as would comprehend the acts resulting in this injury. Thus, there would come into play the rule which appellant recognizes as applicable in Texas (as in South Carolina): That if the language of an insurance policy admits of more than one construction, that most favorable to the insured must be adopted, * * *"

The omnibus clause of a policy of insurance may be put into operation expressly or by implication, but in either case, it must originate in the language or conduct of the named insured or by someone having authority to bind him in that respect. *Rakestraw v. Allstate Insurance Co.,* S. C., 119 S. E. (2d) 746, and *Eagle Fire Company of New York v. Mullins et al.,* S.C., 120 S. E. (2d) 1.

Martha Coletrain and Mack Coletrain were using and occupying, as passengers, the taxicab of Foster Matthews, the insured. They were being transported from one place in the city of Florence to another. The question arises as to whether

Mack Coletrain became an additional insured, under the omnibus clause of the insurance policy issued to Foster Matthews, and whether the insurer was responsible for his acts where he was using the taxicab with the admitted permission of the named insured.

The case of *Bolton v. North River Insurance Company,* La. App., 102 So. (2d) 544, 547, is very similar to the case under consideration. In such case, plaintiff appealed from a judgment of the District Court holding that no cause of action was stated against the insurer for the recovery of damages for personal injuries allegedly caused when a passenger in the back seat of the insured automobile slammed the back door thereof on the plaintiff's left hand while she was standing on the outside of said automobile with her hands thereon. It appears that the insurance policy issued by the insurer obligated it to pay on behalf of the insured, and on behalf of any person using and operating such vehicle with the permission of the insured, all sums which the insured might become obligated to pay by reason of liability imposed by law for damages caused by or arising out of the ownership, maintenance or use of said automobile. The complaint alleged that plaintiff was standing outside of the automobile with her hands on a portion thereof, and that Don Bolton, a passenger in the back seat of the said automobile, slammed the back door thereof, which was standing ajar, on the plaintiff's left hand. The Court of Appeals of Louisiana, in reversing and remanding the case for trial, said:

"In stating that the defendant would be responsible under the omnibus clause of the policy for the negligent act or acts of the passenger, Don Bolton, which might be established on the trial of the case as a proximate cause of the injury and damage to [the] plaintiff, we are agreeing with the contention of counsel for plaintiff that Don Bolton at the time was 'using' the motor vehicle under the liberal interpretation required of such clauses in an insurance policy, *Pullen v. Employers' Liability Assurance Corp.*, 230 La. 867, 89 So. (2d) 373; *Spurlock v. Boyce-Harvey Machinery, Inc.*, La. App.,

90 So. (2d) 417, 422. Also 45 C. J. S., Insurance, § 829, p. 902. 'The use contemplated in a provision for coverage while an automobile is used with the owner's consent generally is regarded as not limited to physical operation or driving.' Also Sec. 4316 (e), 7 Appleman, 'Insurance Law and Practice' pp. 84-85, as supplemented by 1958 pocket part, pg. 25, wherein it states: 'The term "use" is the general catchall of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within one of the previous terms of definition * * *. A person clearly could be using an automobile without operating it personally. So long as "use" as distinguished from operation, is with permission of the named insured, the insurer is liable for any accident.' Also *Liberty Mutual Ins. Co. v. Steenberg Construction Co.,* 8 Cir., 1955, 225 F. (2d) 294; also the concurring opinion in the case of *American Farmers Mutual Automobile Ins. Co., v. Riise,* 214 Minn. 6, 8 N. W. (2d) 18, 19, decided by the Supreme Court of Minnesota."

It thus appears that the Louisiana Court of Appeals concluded that the passenger, Don Bolton, was an omnibus insured because he was using the car in question, with the permission of the named insured. It further held that the insurer was liable for the negligent acts of the omnibus insured which were a proximate cause of the plaintiff's injury.

The provisions of the policy under consideration do not confine the use of the automobile to any part thereof or restrict its use to driving or operating same. The coverage extends to the ownership, maintenance or use of the automobile with the named insured's consent; and the use to which the automobile was being put at the time required the opening and closing of its doors, which was being done by the defendant Coletrain, a fellow passenger rather than the driver. This matter being before us upon demurrer, the allegations of the complaint must be accepted as true; and we are constrained to the view that no such limited interpretation should be read into its provisions, 45 C. J. S., Insurance, § 829, cc. p. 902.

Under Item 5(c) of the policy in question, use of the automobile for the purposes stated includes the loading and unloading thereof. The automobile in question was being used as a taxicab for the purpose of transporting passengers, and the complaint states that the injury was the result of negligent unloading thereof. In order to put the taxicab to the use for which it was intended, it was necessary to open and close the doors for the purpose of loading and unloading such passengers and was an integral part of the use to which the automobile was put and within the meaning of the provisions of the policy. See 45 C. J. S., Insurance, § 829, Subsec. b, p. 889. The term "use" in a policy must be considered with regard to the setting in which it is employed, *Boswell v. Travelers Indemnity Company*, 38 N. J. Super. 599, 120 A. (2d) 250; see also 13 Appleman, Insurance Law and Practice, Sec. 7386. It may well develop upon trial that the opening and closing of the doors of the taxicab was not only with the permission of the insured but was actually expected or required.

For the foregoing reasons, we are of opinion that the Order appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss and LEWIS, JJ., concur.

LEGGE and OXNER, JJ., dissent.

LEGGE, Justice (dissenting).

Pursuant to the requirement of a city ordinance, the appellant, Canal Insurance Company, issued its policy of automobile liability insurance to Foster Matthews, the owner and operator of a taxicab. In her complaint the plaintiff, Martha Coletrain, alleges that she and her husband, Mack Coletrain, were carried by Matthews as passengers in his taxicab to their destination; that the taxicab stopped, and plaintiff's husband got out first; and that while she was getting out her husband negligently and willfully slammed the door on her hand, causing injury for which she sues her

husband and Canal Insurance Company for actual and punitive damages. She does not sue Matthews; she charges him with no negligence; she does not allege that the taxicab was in any way unsafe or defective.

The policy, incorporated by agreement as part of the complaint, provided that with respect to the insurance for bodily injury liability the word "insured" should include, in addition to the named insured, "his spouse, if a resident of the same household, and also * * * any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the named insured or such spouse or with the permission of either."

The single question before us is whether, under the facts alleged in the complaint, the plaintiff's husband was an "additional insured" for whose alleged negligent and willful act a cause of action exists in her favor against the defendant insurer.

The ordinance pursuant to which the insurance was furnished, which is therefore to be considered as part of the insurance contract, *Bryant v. Blue Bird Cab Co.*, 202 S. C. 456, 25 S. E. (2d) 489; *Dobson v. American Indemnity Co.*, 227 S. C. 307, 87 S. E. (2d) 869, and upon which alone must depend the right of the plaintiff here to join the insurance company as defendant, Code, 1952, Section 10-702, *Watts v. Baker*, 233 S. C. 446, 105 S. E. (2d) 605, required insurance for the protection of persons who might be injured by the "negligent *operation*" of the taxicab. Taken in connection with the ordinance, I do not think that the quoted clause of the insurance contract may reasonably be construed as evidencing intention on the part of the contracting parties that the insurer should be liable under the facts here alleged. There is no allegation that Matthews, the named insured, had entrusted the operation of the taxicab to plaintiff's husband or had given him permission to use it otherwise than to ride in it as a fare-paying passenger. To

predicate liability of the insurer under such a policy, through its "additional insured" provisions, upon negligence and willfullness of one of whose relationship to the named insured as appears from the allegations of the complaint here, is nothing more than that of a passenger in a public conveyance, is, in my opinion, to read into the insurance contract a meaning not warranted by either its language or the circumstances of its making.

*Bolton v. North River Insurance Company,* La. App., 102 So. (2d) 544, 546, was an action by an injured bystander against the automobile liability insurer. There the automobile was a private one, operated by and in the control of one Mable Alexander, the wife of the named insured, who was allegedly engaged in a community errand with the full knowledge and consent of the insured. The complaint alleged that while the plaintiff was standing beside the automobile in conversation with Mrs. Alexander and with her hand on the automobile, one Ray Don Bolton, a guest passenger in the back seat, negligently slammed the rear door on plaintiff's hand. Plaintiff based her claim, under the "additional insured" clause, not only upon the alleged negligence of Ray Don Bolton, but also upon alleged negligence of Mable Alexander "in failing to exercise the proper control over her guest passenger, which resulting (resulted?) in the latter's negligence." Demurrer to the complaint was upon the ground that its allegations affirmatively established contributory negligence of the plaintiff. It appears to have been taken for granted that the act of the guest passenger was "with the permission of the insured", the court's discussion (as quoted in the majority opinion in the instant case) being directed to whether the act of slamming the door constituted the "using" of the automobile within the meaning of the "additional insured" clause. And prior to that discussion the court, disposing of the only issue raised by the demurrer, said: "The allegations of fact, *supra,* set forth in plaintiff's petition do not exclude every reasonable hypothesis other than that the proximate cause of the accident was the negli-

gence of the plaintiff herein. * * *. The negligence of plaintiff may have been, so to speak, passive, whereas the sole cause of the accident could have been Don Bolton's gross carelessness. Furthermore, the plaintiff also alleges the named insured was negligent, which contributed to the accident, by failing to exercise the proper control over a guest passenger. (Actually, the complaint as quoted in the report of the case charged that negligence not to the named insured, but to his wife.) Only by a trial and full development of the facts can the negligence charged against the passenger *and the operator of the automobile* be eliminated as the proximate cause of [the] plaintiff's injury and the establishment (*sic*) of plaintiff's contributory negligence as the sole proximate cause." (Parentheses and italics added.)

*Bolton v. North River Insurance Company, supra,* as reported, does not disclose whether the guest passenger, Ray Don Bolton, was a child, or for what reason Mrs. Alexander was under legal duty to control him. But it is interesting to note that the plaintiff in that case, less ready than either the defendant or the court to assume that his negligent act was with the permission of the named insured, charged the latter's wife, obviously an "additional insured", with negligence in failing to properly control him.

In *Fidelity and Casualty Company of New York v. Lott,* 5 Cir., 273 F. (2d) 500, no "additional insured" was involved. The negligent act alleged was that of the named insured, and the only issue was whether the accident resulting from that act arose out of the insured's "use" of the automobile.

Consent by the owner of a vehicle that it shall be operated or used by another necessarily implies that the owner knows who that person is and is willing to entrust the operation or use of the vehicle to him. And such consent should be considered as limited to the purpose for which it was given. *Rakestraw v. Allstate Insurance Co.,* S. C., 119 S. E. (2d) 746; *Eagle Fire Company of New York v. Mullins, S. C.,* 120 S. E. (2d) 1. In accordance with that rule, the right

of such other person to use the vehicle so in his charge, being commensurate with the purpose for which permission has been given him to use it, is not necessarily limited to the driving of the vehicle. But I am unable to agree that permission to open and close the doors of a public taxicab must, as a matter of law and without allegation, be presumed to have been given by the owner of the taxicab to every passenger that may be carried in it.

The majority opinion concludes with the suggestion that upon the trial of the case the evidence may show that the named insured not only permitted, but expected or required, that the doors of the taxicab be opened and closed by the passengers. But that is a far cry from the issue now before us. The case here concerns a demurrer to the complaint.

I would reverse the order appealed from.

OXNER, J., concurs.