**COMMERCIAL UNION INSURANCE COMPANY OF NEW YORK,**
Plaintiff,

v.

**Marion HALL and Ollie Nason,**
Defendants.

**Civ. A. No. AC–1760.**

United States District Court
E. D. South Carolina,
Columbia Division.

Sept. 20, 1965.

George M. Stuckey, Jr., Bishopville, S. C., for plaintiff.

Jacob H. Jennings, of Jennings & Jennings, Bishopville, S. C., for defendants.

HEMPHILL, Chief Judge.

Plaintiff insurance company seeks a Declaratory Judgment, pursuant to 28 U.S.C. § 2201, asking for a determination of its liability exposure as a liability insurance carrier before adjudication in the State Court as to whether or not its insured, defendant Ollie Nason, is liable for personal injuries sustained by defendant Marion Hall.

The precipitant facts before the Court reveal that on March 7, 1965, in Lee County, South Carolina, defendant Nason drove a 1955 Chevrolet insured by plaintiff here in front of an automobile being driven by defendant Marion Hall, blocking its path, and further blocked Hall with the Chevrolet when Hall tried to escape the impending fisticuffs[1]. With Hall's escape stymied, Nason alighted from the Chevrolet and subjected Hall to a brutal assault and battery, inflicting serious and permanent injuries upon him.

The sole question for determination here is whether or not the insurer of the Chevrolet is obligated under its contract to defend and/or respond in the State Court action against Nason.

Relevant portions of the insuring agreement provide:

### COVERAGE A—BODILY INJURY LIABILITY:

To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any person, caused by accident and arising out of the ownership, maintenance or use of the automobile.

\* \* \* \* \* \*

### ASSAULT and BATTERY— COVERAGE A and B:

Assault and battery shall be deemed an accident unless committed by or at the direction of the insured.

The "assault and battery" exclusion is sufficient in itself to divest the insurer from its duty to defend in the State Court action. Clearly, the activities of which complaint is made were "committed by or at the direction of the insured." The Court is persuaded by the reasoning of Chief Judge Henley in Great American Ins. Co. v. Ratliff, 242 F.Supp. 983, 990–991 (E.D.Ark.1965).

It is also apparent that the injury to Hall did not arise "out of the ownership, maintenance or *use* of the automobile." [Emphasis supplied.]

The agreed-upon facts do reveal that Nason's automobile was "used" to force Hall off the road, and indeed was instrumental in blocking his escape. But certainly that is not the type of "use" reasonably contemplated by the insurer and the insured. The South Carolina case of Coletrain v. Coletrain, 238 S.C. 555, 121 S.E.2d 89, offers Hall little com-

1. For reasons known only to the participants, it appears that both parties knew that the Marquis of Queensberry's Rules would be disregarded.

fort. Neither does Federated Mutual Implement and Hardware Ins. Co. v. Gupton, 241 F.Supp. 509 (E.D.S.C.1965).

The "assault and battery" exclusion clearly applies and the injuries to Hall from the threshing at Nason's fists, though associated with the automobile, did not arise out of the "use" of the automobile.

Judgment for the insurer, in accordance with its prayer, will be granted, and the Clerk will make the appropriate entry.

And it is so ordered.