17774

Raymond RAKESTRAW, Appellant, v. ALLSTATE INSURANCE COMPANY, Respondent

(119 S. E. (2d) 746)

*James J. Raman, Esq.,* of Spartanburg, *for Appellant,*

*Messrs. Haynsworth, Perry, Bryant, Marion & Johnstone,* of Greenville, *for Respondent,*

220

*James J. Raman, Esq.,* of Spartanburg, for *Appellant, in Reply,*

May 4, 1961.

Moss, Justice.

Raymond Rakestraw, the appellant herein, instituted this action against Allstate Insurance Company, the respondent herein, to recover certain medical expenses under the omnibus coverage provision of a policy of insurance issued by the respondent to one Ann Hauser McKinney.

The complaint alleges that the respondent issued to Ann Hauser McKinney a liability policy covering an automobile owned by her. and that the said policy provided for the payment for necessary medical expenses, to the extent of $1,-000.00, to any person who sustains bodily injury caused by accident while occupying the automobile owned by the insured "with permission of the owner." The complaint further alleges that while the said policy was in full force and effect, that the appellant while occupying the insured automobile "with the permission of the insured, Ann Hauser McKinney", sustained on April 12, 1959, bodily injury in an accident and as a result thereof incurred medical expenses in excess of $3,000.00. The respondent filed an answer admitting that it issued to Ann Hauser McKinney a liability policy covering an automobile owned by her, which said policy contained a provision providing for the payment of reasonable medical expenses to each person injured by accident while occupying the automobile owned by Ann Hauser McKinney "with permission of the owner." It was alleged, however, that the limit of liability for such medical benefits was $500.00. The answer denied that the appellant

was included within the coverage of the policy for the reason that the appellant was not occupying the insured automobile at the time of his injury, with the permission of the insured, so as to come within the medical benefit coverage of the policy of insurance.

This case came on for trial before the Honorable Charles M. Pace, Judge of the Spartanburg County Court, and a jury. It was stipulated that the maximum possible recovery by the appellant under the terms of the insurance policy was the sum of $500.00. Counsel for the respondent produced a copy of the insurance policy in question and agreed that such could be used in lieu of the original. It was distinctly stated by counsel for the respondent that he was not introducing the policy of insurance into evidence but that he had no objection to counsel for the appellant introducing such. At the conclusion of the testimony in behalf of the appellant, the respondent moved for a nonsuit on the grounds that the appellant had not proved the insurance contract, nor had he proved that he was occupying the insured automobile with the permission of the named insured. The trial Judge granted the nonsuit on the grounds (1) that the appellant had failed to prove that he came within the terms of the coverage provided in the contract of insurance between the respondent and Ann Hauser McKinney, for the reason that he had not introduced the policy of insurance in evidence, and (2) that the appellant failed to prove that he was occupying the insured automobile at the time he sustained bodily injury in the operation thereof, with the permission of the insured. The trial Judge held that at the time of the appellant's injury, he was using the insured automobile for his own personal use and purposes and not for the purpose for which the automobile had been entrusted to him. After the trial Judge had indicated that he was going to grant a nonsuit, the attorney for the appellant moved to reopen the case and to allow him to introduce into evidence the policy of insurance in question. This motion was denied. In due time the appellant moved for a new trial and such was refused. The case

is before this Court on exceptions to the rulings of the trial Judge.

The appellant alleges that the trial Judge committed ██ error in refusing to reopen the case and permit him to introduce the policy of insurance in question. When the trial Judge indicated that he was going to grant a nonsuit, counsel for the appellant said, "We move to reopen and introduce the stipulated policy in evidence"; and after further discussion, counsel for the appellant stated, "The language of it is set forth in the pleadings." It thus appears that counsel for the appellant did not rely, for his failure to introduce the policy in question, upon accident, inadvertence, mistake or misapprehension as to the necessity for offering the policy. We point out again that counsel for the respondent had specifically agreed that the appellant could offer a copy of the insurance policy in lieu of the original. We have held that it is discretionary with the trial Judge, after the plaintiff has closed his case, to permit him to reopen the case and allow the introduction of additional evidence, after a motion for a nonsuit is made. *Couch v. Charlotte, Columbia & Augusta R. R. Co.,* 22 S. C. 557; *Davis v. Collins,* 69 S. C. 460, 48 S. E. 469; *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465; *Seay et al. v Southern Ry. Co. et al.,* 208 S. C. 171, 37 S. E. (2d) 535. Since counsel for the appellant did not plead oversight, surprise, mistake or inadvertence, in the absence of which, and under all the circumstances here, we find no abuse of discretion on the part of the trial Judge in refusing to permit the appellant to reopen his case and offer the policy of insurance as additional evidence.

Even though the terms of the policy were not set out in the pleadings *in haec verba,* it is readily apparent from the pleadings and from the briefs that the insurance policy contained a provision which provided for the payment of medical expenses to any person sustaining bodily injury while occupying or using the insured automobile with the permission of the named insured. The appellant excepts to the holding

of the trial Judge that he had failed to prove that he was occupying the insured automobile at the time he sustained bodily injury in the operation thereof, with the permission of the insured.

The permission which puts the omnibus or extended coverage clause of the policy of insurance into operation may be either express or implied, but whether the permission be expressly granted or impliedly conferred, it must originate in the language or the conduct of the named insured or of some one having authority to bind her in that respect. *Hooper v. Maryland Casualty Co.,* 233 N. C. 154, 63 S. E. (2d) 128. *Fox v. Employers' Liability Assurance Corporation, Limited, of London, England,* 243 App. Div. 325, 276 N. Y. S. 917, affirmed in 267 N. Y. 609, 196 N. E. 604; *Hunter v. Western & Southern Indemnity Co.,* 19 Tenn. App. 589, 92 S. W. (2d) 878; *Locke v. General Accident Fire & Life Assurance Corporation, Limited, of Perth, Scotland,* 227 Wis. 489, 279 N. W. 55; *Brochu v. Taylor,* 223 Wis. 90, 269 N. W. 711.

In the case of *United States F. & G. Co. v. Mann,* 4 Cir., 73 F. (2d) 465, 467, it was said:

"The law applicable to the omnibus coverage clause is clear that it creates liability insurance not only for the benefit of the named assured, but also for the benefit of those who come within the clause and meet its requirements. The one essential requirement upon which the decision must turn in this case is that a person other than the named assured, in order to enjoy the protection provided by the policy, must show that his use of the automobile is with the permission of the named assured. * * *"

It is well settled that the burden of proof was upon the appellant to show that permission actually existed under the facts and circumstances of the case. *United States F. & G. Co. v. Mann, supra; Fredericksen v. Employers' Liability Assurance Corporation,* 9 Cir., 26 F. (2d) 76; *Union Indemnity Co. v. Small,* 154 Va. 458, 153 S. E.

685; 7 Appleman, Ins. Law and Practice, Section 4371, at page 185; 5 A. L. R. (2d), at page 666. The burden of proving coverage under the omnibus clause of an insurance policy is upon the person seeking coverage. *Hartford Accident & Indemnity Co. v. Shaw,* 8 Cir., 273 F. (2d) 133. Hence, in order for the appellant to become an additional insured under the policy issued by the respondent to Ann Hauser McKinney, it was necessary for the appellant to show that permission actually existed for his operation of the insured automobile at the time he received bodily injury. If he did not receive such permission from the insured or from some one having authority to bind her in that respect, he cannot recover in this action.

The evidence is undisputed that Ann Hauser McKinney, who owned the automobile which was being operated by the appellant at the time of his injury, had delivered it to Paul M. McKinney, the operator of a filling station in the City of Spartanburg, and such automobile was left with him solely for the purpose of sale. The appellant obtained the car from Paul M. McKinney in order to paint same. He says that when he picked up the car the "For Sale" sign on the car was removed and he was given the key to the car. The appellant testified that he did not know who owned the automobile nor did he know the name of the person who delivered it to him. There is a dispute in the testimony as to when the car was delivered to the appellant for painting and when it was to be returned. It also appears from the testimony that the appellant was operating a small garage on Union Street in Spartanburg and the automobile was taken to such garage. He testified that he removed the insured automobile from the garage on Union Street to his home on Saturday, April 11, 1959. At such time he had not completed the painting of the automobile. He also testified that on Sunday, April 12, 1959, he was taking his wife to her mother's home and was going down to a Mr. Johnson's house to get in his garage to work on the car. It was while on this trip that the appellant had a collision with a train, resulting in his injury.

The appellant called as a witness Paul M. McKinney, who owns McKinney's Texaco Filling Station in Spartanburg, and this witness testified that the insured automobile had been turned over to him by Ann Hauser McKinney to be sold. He further testified that he delivered the insured automobile to the appellant for the express purpose of having it painted, and that on April 11, 1959, he told the appellant not to use it for his own personal use but to take it directly to his home and bring it back to the filling station on the following Monday. This witness testified as follows:

"Q. Where did he say he was going to do the work? A. At home.

"Q. At his home? A. Yes, sir.

"Q. Did you give him any instructions about driving that automobile? A. Yes, sir; I did. I asked him then if he had a car of his own and he said yes, and I told him not to use that one for his own personal use, to take it home and bring it back to the station and that was all.

"Q. In other words, your specific instructions to him were to take it to his home and bring it back to the station Monday? A. Yes, sir.

"Q. And not to drive that car anywhere else; is that correct? A. Yes, sir.

\* \* \*

"Q. One more question: Did you give him permission to drive that car, to drive his wife anywhere in that automobile? A. No, sir; I didn't.

\* \* \*

"Q. What permission did you give him? A. I told him to take the car home, paint it, and deliver it back to the station.

"Q. In other words, your instructions were that he was to take it directly to his home and not drive it, but to work on it? A. Yes, sir.

"Q. At his home and then drive it directly back to your station on Monday? A. Yes, sir.

"Q. Were those the only two trips that were authorized by you? A. Yes, sir."

It has been held by some courts that where express permission is given for the use of an automobile for a given purpose, this implies permission for all uses and purposes. *Stovall v. New York Indemnity Company*, 157 Tenn. 301, 8 S. W. (2d) 473, 72 A. L. R. 1386; *Dickinson v. Maryland Casualty Company*, 101 Conn. 369, 125 A. 866, 41 A. L. R. 500. However, other courts adhere to a somewhat stricter construction and hold that before the person using the automobile becomes an additional assured, under the omnibus clause of an insurance policy, permission must be expressly or impliedly given for the particular use being made of the car at the time in question. See cases cited in 72 A. L. R., at page 1403. In *Trotter v. Union Indemnity Company*, 9 Cir., 35 F. (2d) 104, 106, it was said: "Nor do we share in the view that express 'permission' for a given purpose implies permission for all purposes." It is true that implied permission may arise from a course of conduct between the parties. The instant case is one not involving a course of conduct between the parties; it involves a single transaction. There are no prior circumstances to indicate that the insured, or her agent, assented to the appellant's use of the car for his own purpose.

The appellant had express permission from Paul M. McKinney to take the car in question to his home, paint it, and deliver it back to McKinney. He was given express permission to make only two trips in the insured automobile, one was to drive the car to his home, and the other was, after he had painted it, to drive it back to the filling station where he had obtained possession of it. The appellant was injured at a time when he was operating the insured automobile in violation of the express permission given to him as to its use and operation.

In the case of *Brower v. Employers' Liability Assurance Company*, 318 Pa. 440, 177 A. 826, it appears that a car

was delivered by the insured, for repairs, to a mechanic who did work at his home. While the mechanic had possession of the car for this purpose, he drove it on a personal mission and was involved in an accident. It was held that the mechanic had not used the car with the assured's permission so as to come within the protection of the omnibus clause of a policy of insurance covering the automobile.

The appellant insists that we should hold that express permission for the use of an automobile for a given purpose implies permission for all purposes. This so-called liberal rule was not followed in the case of *Continental Casualty Company v. Padgett et al.,* 4 Cir., 219 F. (2d) 133, 137, in which the Circuit Court of Appeals was considering an omnibus clause involved in an action arising under the laws of South Carolina. The opinion in the cited case, says:

"The decisions mentioned in the last cited case which take the so-called liberal or extreme view have been again pressed upon us on this appeal and have been again considered; but we find ourselves unable to follow them. In the absence of legislation requiring automobile policies to provide for broader coverage than is afforded by the usual omnibus clause, we do not feel justified in extending the terms of the insurance contract beyond its plain meaning."

It thus appears that in the *Padgett case,* the Circuit Court of Appeals for the Fourth Circuit adhered to the rule that before the person using the automobile becomes an additional insured under the omnibus clause, permission must be expressly or impliedly given for that use. We think this the proper rule.

It appears from the evidence that the initial use of this vehicle by the apellant was with the permission of Paul M. McKinney, and his testimony shows that the vehicle was being driven at the time of the injury to the appellant in violation of the permission given by McKinney to the appellant. We should further point out that there is no testimony in the record showing that McKinney had any right,

or permission to exercise any control, over the insured automobile, other than to sell it. There is an absolute lack of testimony that Ann Hauser McKinney, the insured, had requested or authorized Paul M. McKinney to turn this vehicle over to any person for the purpose of having it painted.

We specifically point out that the witness, Paul M. McKinney, was called as a witness for the appellant. He testified on direct examination that he had delivered the possession of the insured automobile to the appellant in order for same to be painted. His testimony on cross examination was as is hereinabove stated, and is to the effect that the automobile was placed in the possession of the appellant for an expressly restricted purpose and use. The appellant now insists that he is not bound by the testimony of this witness concerning the permissive use of the automobile. It is conclusive from the evidence that the appellant did not even know who owned the automobile in question. Since the burden was on the appellant to prove that he was occupying the automobile with the permission of the named insured, it was necessary for him to prove this fact by the only person who could have given him this permission, and that was the witness McKinney, who turned the automobile over to him. However, we point out again that there is no showing in the evidence that permission to use the automobile was granted by the owner and the insured, even though the complaint alleges that the appellant was occupying the automobile "with the permission of the insured, Ann Hauser McKinney". We think the appellant was bound by the testimony of McKinney, who was his own witness, and the one upon whom he relies as having the authority to bind the owner and the insured.

In the case of *Brissie v. Southern Railway Co.,* 209 S. C. 503, 41 S. E. (2d) 97, which was an action by an administrator against the railroad for the death of his intestate, the engineer of this train was placed upon the stand by the plaintiff, who testified to the circumstances of the death of plaintiff's intestate. This Court held that when the plaintiff placed

the train engineer on the stand, he, thereby, became the plaintiff's witness and he was bound by the engineer's testimony.

It has been held, however, that where a party calls a witness in his behalf, he may not impeach him or contradict him, but he may prove the facts to be other than as he testifies them to be. *Nimmer's Estate v. Nimmer,* 212 S. C. 311, 47 S. E. (2d) 716. However, in this case, the appellant did not prove the facts to be otherwise than as McKinney testified them to be. Hence, the appellant was bound by the testimony of the witness McKinney.

We conclude that the evidence fails to show that at the time the appellant was injured, while occupying the insured's automobile, that such was with the permission of the insured, or her agent, either express or implied. The burden was upon the appellant to prove that at the time of his injury he was occupying the insured's automobile with the permission of the named insured. He has failed to discharge the burden of proof. The trial Judge was correct in granting the nonsuit.

The exceptions of the appellant are overruled and the judgment of the lower Court is affirmed.

TAYLOR, C. J., and OXNER, LEGGE and LEWIS, JJ., concur.