THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Mark T. Klein, Appellant,
 
 
 

v.

 
 
 
 Sherry G.
 Klein, Respondent.
 
 
 

Appeal From Pickens County
 Tommy B. Edwards, Family Court Judge

Unpublished Opinion No. 2008-UP-074
Submitted January 2, 2008  Filed February
 4, 2008

AFFIRMED

 
 
 
 Robert Scott Dover, of Pickens, for Appellant.  
 
 Woodrow Grady Jordan, of Easley, for
 Respondent.
 
 
 

PER CURIAM:  In
 this appeal arising from a Rule to Show Cause action,  Mark T. Klein (Husband)
 argues the family court erred in awarding Sherry G. Klein (Wife) affirmative
 relief and attorneys fees.  We affirm.   
FACTS
Husband
 and Wife were married on June 16, 1972.  The parties had one son, Mark T.
 Klein, II, born on August 8, 1975.  During the marriage, Husband owned seven
 pieces of real estate encumbered by a single mortgage (the mortgage) with
 Oconee Savings and Loan Association.  
The
 parties separated in November 1988, and shortly thereafter, Husband filed for
 divorce.  The parties subsequently reached a separation agreement resolving all
 issues regarding the divorce.   
The separation
 agreement specifically addressed the disposition of three pieces of Husbands
 real property.  Under the agreement, Husband agreed to be responsible for the
 mortgage covering the various properties.  Husband also agreed to transfer fee
 simple title of the marital home (Lot 8) to Wife when the parties son reached
 the age of eighteen.  Wife agreed to waive any right to Husbands four-plex
 house (Lot 6).  Lastly, Husband agreed to give Wife one-half of the net
 proceeds after costs of sale when the remaining property (Lot 9) was sold.  
 
On May 22, 1989,
 the parties appeared before the family court, seeking the courts approval of
 the parties separation agreement and requesting a ruling regarding separate
 maintenance and support.  The family court incorporated the agreement into its
 order after concluding it was fair and reasonable and awarded Wife separate
 maintenance and support pending the final order.  On January 12, 1990, the
 family court issued a final decree of divorce.
On January 4, 1990,
 Husband sold Lot 6 and Lot 9 for $198,000.  Husbands records indicate the sale
 price of Lot 9 was $73,000, while the price for Lot 6 was $125,000.  Prior to
 this sale, Husband had sold other lots encumbered by the mortgage, and the net
 proceeds from these prior sales were applied to the satisfaction of the
 mortgage.  At the time of the January sale, the remaining balance on the
 mortgage was $137,702.91.  Husbands records indicated net proceeds of
 $45,374.55 after paying the balance on the mortgage, real estate commission,
 and taxes on the properties.  On January 5, 1990, Husbands attorney forwarded
 a check in the amount of $45,374.55 to the trust account of Acker, Acker, Floyd
 & Welmaker to be escrowed pending the distribution of the proceeds between
 Husband and Wife.   
On April 7, 2004,
 Wife filed a Rule to Show Cause against Husband, requesting the family court
 find Husband in contempt.  Specifically, Wife alleged Husband failed to convey
 fee simple title to Lot 8 in full because he conveyed a one-half interest in
 the property to her and a one-half interest to the parties son.  Wife also
 alleged Husband was in contempt because he failed to pay her one-half of the
 net proceeds from the sale of Lot 9.  Lastly, Wife sought attorneys fees for
 the Rule to Show Cause action.   
Following Husbands
 receipt of notice for the Rule to Show Cause, the parties son executed a deed
 conveying his one-half interest in Lot 8 to Wife.  Husband also paid Wifes
 attorneys fees and costs.  
However,
 at the Rule to Show Cause hearing on April 17, 2006, Husband denied that Wife
 was entitled to any of the net proceeds he received from the sale of the two
 lots.  Husband argued he applied the entirety of the sales price from the sale
 of Lot 9 to satisfy the mortgage, leaving no proceeds for Wife from the sale. 
 Husband also claimed the $45,374.55 in proceeds were entirely from the sale of Lot 6.  
 
In
 its Rule to Show Cause Order, dated May 8, 2006, the family court held a
 finding of contempt in abeyance because (1) Wife waited a long time to bring
 the action and (2) the determination of the amount due under the final order
 was confusing, such that the parties did not have a clear method for computing
 the net proceeds.  The court adopted Wifes rationale for distributing the
 $45,374.55 based on Lot 9s ratable share of the sales price and ordered
 Husband to pay Wife $8,229.  Additionally, the family court ordered Husband to
 pay Wifes attorneys fees in the amount of $573.  Husband appeals.    
STANDARD OF REVIEW
In
 appeals from the family court, this Court may find facts in accordance with its
 own view of the preponderance of the evidence.  Nasser-Moghaddassi v.
 Moghaddassi, 364 S.C. 182, 189, 612 S.E.2d 707, 711 (Ct. App.
 2005).  However, this broad scope of review does not require this Court to
 disregard the family courts findings.  Lacke v. Lacke, 362 S.C. 302,
 307, 608 S.E.2d 147, 149-50 (Ct. App. 2005).  Nor must we ignore the fact that
 the family court judge, who saw and heard the witnesses, was in a better
 position to evaluate their credibility and assign comparative weight to their
 testimony.  Scott v. Scott, 354 S.C. 118, 124, 579 S.E.2d 620, 623
 (2003).  However, our broad scope of review does not relieve the appellant of
 the burden of convincing this Court that the family court committed error.  Nasser-Moghaddassi,
 364 S.C. at 190, 612 S.E.2d at 711.
LAW/ANALYSIS
I. Admissibility of Evidence
Husband
 argues the family court erred in admitting a document illustrating Wifes
 calculations of the net proceeds owed to her under the real estate sale
 because Wife laid no foundation for its admissibility.  We disagree. 
The
 admission or exclusion of evidence at trial is within the sound discretion of
 the court.  Grand Strand Constr. Co., Inc. v. Graves, 269 S.C. 594, 595,
 239 S.E.2d 81, 81 (1977).  On appeal, the exercise of the trial courts
 discretion will not be disturbed unless there is a showing of (1) a clear abuse
 of discretion, (2) the commission of legal error in the exercise of discretion,
 and (3) prejudice to the rights of the appellant.  Rutledge v. St. Paul Fire
 & Marine Ins. Co., 286 S.C. 360, 366, 334 S.E.2d 131, 135 (Ct.
 App. 1985). 
At
 trial, Husband objected to the admission of Wifes document, arguing Wife was
 not aware of its contents.  Following the objection, Wife testified the
 document contained her calculations of the amount owed to her based on the
 sales prices of the two properties.  The family court overruled Husbands
 objection and admitted the document.  
Rule
 901(a) of the South Carolina Rules of Evidence states: The requirement of
 authentication or identification as a condition precedent to admissibility is
 satisfied by evidence sufficient to support a finding that the matter in
 question is what its proponent claims.  Testimony of a witness
 with knowledge that a matter is what it is claimed to be is a method of
 authentication conforming to the requirements of Rule 901.  Rule 901(b)(1), 
 SCRE.
Wife
 offered the document to demonstrate her calculation of the figure she claimed she
 was owed from the sale of Lot 9.  She expressly testified the document
 represented this calculation and the figure she ultimately claimed to be owed.  Thus,
 Wifes testimony provided a proper authentication for the admission of the
 document into evidence.
Furthermore,
 the figures contained in the document had already been properly admitted into
 evidence.  The document included the figures from the sale of Lot 9 as
 contained in two previous exhibits, which were already stipulated into evidence
 by the parties.  The document also included the figure Wife testified she
 believed to be her share from the sale of Lot 9.  In this regard, the document
 is demonstrative evidence offered as an aid to the fact finder.  Demonstrative
 evidence explains or summarizes other evidence and testimony.  Clark v. Cantrell, 339 S.C. 369, 383, 529 S.E.2d 528, 535 (2000).  Such
 evidence must rely on other material testimony for relevance.  Id.  Wifes document simply illustrates how, from the figures in the two prior
 exhibits, Wife calculated the amount she claimed to be owed.  It is of no
 consequence that she did not testify to having first-hand knowledge of the
 figures contained in the two previous exhibits as they were already admitted
 into evidence.        
Additionally, the
 admission of improper evidence is harmless when it is merely cumulative to
 other evidence.  Muir v. C.R. Bard, Inc., 336 S.C. 266, 300, 519 S.E.2d
 583, 600 (Ct. App. 1999).  Even if we agreed with Husbands argument, we must
 not disturb the family courts decision to admit Wifes document because
 Husband has made no showing that he has suffered prejudice.  As noted
 previously, the document contained figures from evidence which had already been
 properly admitted.  Therefore, Husband has not suffered prejudice, and the
 family courts decision to admit Wifes document was not reversible error.  
 
II. Reopening of Wifes Case at
 Trial
Husband argues the family court erred in allowing Wife to reopen
 her case.  We disagree.  
The decision to reopen the evidence is within the sound discretion
 of the trial court and will not be disturbed on appeal absent an abuse of that
 discretion.  Brown v. La France Indus., a Div. of Riegel Textile Corp., 
 286 S.C. 319, 324-25, 333 S.E.2d 348, 351 (Ct. App. 1985). In South Carolina, it is well established that the decision of the trial court to allow a
 party to reopen his case will not be reversed unless it results in prejudice to
 the opposing party.  Id.   The wide latitude afforded
 to the trial court permits the court to reopen the case and allow the
 introduction of additional evidence even after a motion for a nonsuit is made.  Rakestraw v. Allstate Ins. Co., 238 S.C. 217, 222, 119 S.E.2d 746,
 748 (1961) (citations omitted).  
We note it is unclear from the record whether Wife had rested her
 case as Husband claims.  After Husbands attorney cross-examined Wife, the
 family court instructed Wife to step down and asked if Wifes attorney had [a]nything
 else, to which Wifes attorney responded, No, sir.  The court then asked Husbands
 attorney whether he had any additional testimony, and Husbands attorney
 stated, If [Wife] rests, I have a motion.  Wifes attorney in kind responded,
 Ill call [Husband].  It is plausible that Wifes attorneys response of No,
 sir to the family courts initial question meant Wifes attorney had no
 additional questions for Wife and that only after calling Husband to the stand
 would Wife rest her case.  
Regardless, under this States case law, the family court could
 have subsequently allowed additional evidence even if the Wife had rested her
 case and Husband had made his directed verdict motion.  See id.  Further,
 Husband does not argue he suffered prejudice by the family courts decision. 
 Absent a showing of prejudice, we cannot disturb the decision of the family
 court.   Brown, 286 S.C. at 324-25, 333 S.E.2d at 351. 
III. Affirmative Relief
Husband
 argues the family court erred in awarding Wife affirmative relief.  We
 disagree.  
A. Contempt
Husband
 contends because the family court did not find him in contempt, it erred in
 awarding Wife affirmative relief.  We disagree.  
It
 is well settled that contempt results from willful disobedience of a court
 order; and before a person may be held in contempt, the record must be clear
 and specific as to acts or conduct upon which the contempt is based. Cheap-Os
 Truck Stop, Inc., 350 S.C. 596, 612, 567 S.E.2d 514, 522 (Ct. App. 2002)
 (quoting State v. Bevilacqua,
 316 S.C. 122, 129, 447 S.E.2d 213, 217 (Ct. App. 1994)). A willful act is one
 done voluntarily and intentionally with the specific intent to do something the
 law forbids, or with the specific intent to fail to do something the law
 requires to be done; that is to say with bad purpose either to disobey or
 disregard the law.  Id. (citations omitted).
The
 family court held the issue of contempt in abeyance in part because Wife waited
 an extended period of time to bring the Rule to Show Cause action.  We agree
 with the family court when it also stated, [T]he determination in the amount due
 was confusing and the prior [o]rder did not help the parties in providing a
 clear cut methodology from which the amount was to be derive[d].  Because the
 prior final order did not specify what constituted net proceeds and how those
 proceeds were to be deduced, the family court felt it was unclear as to whether
 Husband willfully disobeyed the final order.  However, based on our own view of
 the preponderance of the evidence, we find the ambiguity in the final order
 prevents a finding of contempt against Husband.  The facts and circumstances of
 this case do not support a finding of contempt.  See Smith v. Smith,
 359 S.C. 393, 397, 597, S.E.2d 188, 189 (Ct. App. 2004) (finding provision in
 settlement agreement was ambiguous such that family court was proper to not
 hold the husband in contempt).  
Despite
 this, we agree with the family court when it stated, [A] common sense and
 reasonable interpretation of [the] order was to give some value out of the sale
 of Lot 9 to [Wife].  As stated in further detail below, because of the
 ambiguity in the final order, it was proper to award affirmative relief to
 Wife, despite the family courts failure to find Husband in contempt. 
 Therefore, Husbands argument is without merit.  
B. Interpretation of the Final
 Order and Separation Agreement
Husband
 also contends the family court erred in its interpretation of the prior final
 order and in granting Wife $8,229 in affirmative relief because it failed to
 find an ambiguity in the prior order.  Specifically, Husband contends the
 family court erred by inserting essential terms into the parties agreement and
 prorating the mortgage between Lot 6 and Lot 9.  We disagree.
In South Carolina, the construction of a separation agreement is a matter of contract law.  Estate
 of Revis by Revis v. Revis, 326 S.C. 470, 477, 484 S.E.2d 112, 116 (Ct.
 App. 1997).  In the enforcement of an agreement, the court does not have the
 authority to modify terms that are clear and unambiguous on their face.  Messer
 v. Messer, 359 S.C. 614, 621, 598 S.E.2d 310, 314 (Ct. App. 2004).  Where
 an agreement is clear and capable of legal construction the courts only
 function is to interpret its lawful meaning and the intention of the parties as
 found within the agreement and give effect to them.  Bogan v. Bogan,
 298 S.C. 139, 142, 378 S.E.2d 606, 608 (Ct. App. 1989).  To discover the
 intention of a contract, the court must first look to its language - if the
 language is perfectly plain and capable of legal construction, it alone
 determines the documents force and effect.  Davis v. Davis, 
 372 S.C. 64, 75, 641 S.E.2d 446, 452 (Ct. App. 2006).   
On
 the other hand, [a]n ambiguous contract is one capable of being understood in
 more ways than one, an agreement obscure in meaning through indefiniteness of
 expression, or having a double meaning.  Estate of Revis, 326 S.C. at
 479, 484 S.E.2d at 117.  Whether or not an ambiguity exists in an agreement
 must be determined from the language of the instrument.  Steffenson
 v. Olsen, 360 S.C. 318, 322, 600 S.E.2d 129, 131 (Ct. App. 2004).  When an
 agreement is susceptible of more than one interpretation, it is ambiguous and
 the court should seek to determine the intent of the parties.  Estate of
 Revis, 326 S.C. at 477-78, 484 S.E.2d at 117.  [W]here an agreement has
 been merged into a courts [sic] decree, the decree, to the extent possible,
 should be construed to effect the intent of both the judge and the parties.  Messer,
 359 S.C. at 628, 598 S.E.2d at 318.  Additionally, [a] court approved divorce
 settlement must be viewed in accordance with principles of equity and there is
 implied in every such agreement a requirement of reasonableness.  Ebert v.
 Ebert, 320 S.C. 331, 340, 465 S.E.2d 121, 126 (Ct. App. 1995) (quoting 17A
 Am. Jur. 2d Contracts § 479 (1991)).
We
 agree with the family courts finding that the final order was ambiguous.  The
 language of the separation agreement, adopted in the final order and divorce
 decree, is as follows: The [Husband]
 agrees to be responsible for the outstanding mortgage covering the various properties
 which has an approximate balance at this time of $135,000.00. . . .
 Additionally, the [Husband] will give [Wife] one-half (50%) of the net proceeds
 after costs of sale of the remaining duplex house on Lot 9, Willowood Sub.  
 
We
 agree with the family court that, looking at the language of the final order,
 it is not clear how the satisfaction of the mortgage is to be apportioned among
 the remaining properties, leaving the order susceptible to more than one
 interpretation.  We find the family court was not unreasonable in its
 assessment of the parties intent, in that a common sense and reasonable
 interpretation of [the] [o]rder was to give some value out of the sale of Lot 9 to [Wife].  For these reasons, we hold that the family court did not err in
 interpreting the final order. 
We
 also hold the family courts grant of affirmative relief was reasonable
 considering the language of the order.  The separation agreement, as
 incorporated into the final order, is susceptible to multiple interpretations,
 which may have allowed Wife to claim a greater share of the proceeds from the
 sale of Lot 9.  For example, the family court found the intent behind the final
 order was to divide the proceeds after taking into account payoff of the
 mortgage.  The language of the final order, however, might suggest that the
 mortgage is not to be considered at all since Husband agreed to be responsible
 for the payment of the outstanding mortgage.  Nevertheless, Wife only sought
 relief based on a ratable share of the total sale prices of Lot 9 and Lot 6.  See Staubes v. City of Folly Beach, 339 S.C. 406, 412, 529 S.E.2d
 543, 546 (2000) (holding issues not raised to or ruled upon by the trial court
 may not be considered on appeal).  In this regard, the family courts adoption
 of Wifes rationale was reasonable in light of the language of the agreement,
 and therefore, the family court did not err in granting the relief
 requested.    
IV. Attorneys Fees
Husband
 argues the family court erred in awarding Wife attorneys fees because the
 court did not find him in contempt, and therefore, the court had no basis for
 awarding attorneys fees.  We disagree.
When
 a party in an action seeks attorneys fees, the family court has the statutory
 authority to award a reasonable sum for the claim if
 it appears well-founded.  S.C. Code Ann. § 20-7-420(A)(38)
 (Supp.2006).  An attorneys fees award is within the sound discretion of the
 family court and will not be disturbed on appeal absent an abuse of
 discretion.  Davis, 372 S.C. at 88, 641 S.E.2d at 458.
Our
 review of the record reveals no abuse of discretion.  Wifes attorneys fees
 were incurred as a result of a contempt proceeding involving Husband.  Wife
 initiated the action in a good faith belief that Husband was willfully disobeying
 a prior order of the family court.  While we find Husband was not technically
 in contempt, Wife incurred attorneys fees and costs in an effort to enforce
 compliance with a previous court order.  See Christy v. Christy,
 317 S.C. 145, 150-51, 452 S.E.2d 1, 4 (Ct. App. 1994) (holding award of
 attorneys fees against a husband was proper even though the family court
 failed to find the husband in contempt because the fees were incurred as a
 result of the contempt proceeding and the matter was initiated by the wife to
 force compliance with the courts order).  Therefore, Wifes claim for
 attorneys fees is well founded, and we find no abuse of discretion in the
 family courts award of attorneys fees.  
CONCLUSION
For the foregoing reasons, the order of the family
 court is 
AFFIRMED.[1]  
ANDERSON, SHORT,
 and WILLIAMS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.